ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ANWAR ABDUL-HADI, LUCÍA FIGUEREDO y la SOCIEDAD de BIENES GANANCIALES CONSTITUIDA POR AMBOS<br><br>Recurrido<br><br>V.<br><br>BORIMETALS INC., CARMEN E. SANTOS CORTÉS, y OTROS<br><br>Peticionario | KLCE202401316 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br>_____<br>Civil. Núm.: CG2024CV01659<br>_____<br>SOBRE: INCUMPLIMIENTO DE CONTRATO; COBRO DE DINERO; DAÑOS Y PERJUICIOS; ENRIQUECIMIENTO INJUSTO |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2024

Comparecen Anwar Abdul-Hadi y Lucía Figueredo ("Recurrentes") mediante el presente recurso de *certiorari* y solicitan que revoquemos la Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro recurrido"). En esa ocasión, el foro primario declaró "*No Ha Lugar*" la moción en Oposición presentada por los Recurrentes donde alegan que Borimetals, Carmen E. Santos Cortés, Fernando Torres Santos y Marilyn Valentín Aviñó ("Peticionarios") incumplieron con el término provisto por las Reglas de Procedimiento Civil de Puerto Rico referente a las contestaciones al Requerimiento de Admisiones.

Luego de deliberar los méritos del recurso ante nos, entendemos procedente no intervenir con la determinación del foro recurrido. Si bien este foro

Número Identificador

RES2024_____

apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[1] abundamos sobre las bases de nuestra decisión para que las partes no alberguen dudas en sus mentes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica.

Conforme a lo anterior, expresamos que no surge del expediente de este caso que el TPI actuase mediando prejuicio, parcialidad, error manifiesto o mediante craso abuso de su discreción.[2] Tampoco divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[3]

A tenor con lo anterior, **denegamos** la expedición del auto de *certiorari* ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[1] 32 LPRA Ap. V, R. 52.1.
[2] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[3] 4 LPRA Ap. XXII-B, R. 40.